NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 5 2015

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MAURICE NAILS,

Petitioner - Appellant,

v.

L. S. MCEWEN, Warden,

Respondent - Appellee.

No. 14-15643

D.C. No. 3:13-cv-00917-SI

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Susan Illston, Senior District Judge, Presiding

Argued and Submitted October 20, 2015
San Francisco, California

Before: PAEZ, MURGUIA, and HURWITZ, Circuit Judges.

Maurice Nails, who was convicted of second-degree murder in California

state court, appeals the district court's denial of his 28 U.S.C. § 2254 petition for a

writ of habeas corpus. We affirm.

1. During cross-examination, the prosecutor asked Nails if he was aware that

his brother had told the police that Nails shot the victim. Over a defense objection,

---

[*]   This disposition is not appropriate for publication and is not precedent except
as provided by 9th Cir. R. 36-3.

Nails confirmed that he knew of his brother's statement; the trial judge then instructed the jury not to consider the statement for its truth, but only insofar as it affected the defendant's subsequent conduct. The trial judge gave a similar final instruction. In light of those instructions and the other evidence at trial, even if we assume that introduction of the brother's statement violated the Due Process Clause of the Fourteenth Amendment, we cannot find the California Court of Appeal's harmless error determination unreasonable under 28 U.S.C. § 2254(d)(1). *See People v. Nails*, No. A128270, 2012 WL 758292, at *11–12 (Cal. Ct. App. Mar. 8, 2012). "A state court's determination that a claim lacks merit precludes federal habeas relief" where, as here, "'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Moreover, Nails has not shown the "actual prejudice" required by *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993).

2. Nails argues that trial counsel was ineffective for failing to interview two eyewitnesses who saw the shooting but could not identify Nails in a photographic array. But Nails presented no evidence in his habeas petition to the California Supreme Court in support of this claim. Federal review of that court's denial of relief is limited to consideration of the state court record, *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011), which only discloses that the police attempted to locate

2

these witnesses without success.  Nails therefore has not shown that his counsel's alleged failure to interview these witnesses was ineffective.  *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

3.  Nails argues that because counsel could not have reasonably decided not to interview the two witnesses, the district court should have conducted an evidentiary hearing under 28 U.S.C. § 2254(e)(2).  But Nails has not shown that the California Supreme Court unreasonably denied his claim, as he presented no evidence of counsel's allegedly deficient performance.  Because Nails "failed to surmount § 2254(d)'s limitation on habeas relief," it follows that "he was not entitled to an evidentiary hearing."  *Sully v. Ayers*, 725 F.3d 1057, 1076 (9th Cir. 2013).

**AFFIRMED.**